# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| GEORGE P. BRANHAM, JR., | CASE NO. 6:22-cv-00042 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION AND ORDER |
| CITY OF LYNCHBURG, *et al.*, | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant City of Lynchburg and Defendant Blue Ridge Regional Jail Authority's motions to dismiss. Plaintiff George Branham filed an amended *pro se* complaint against Defendants City of Lynchburg, Blue Ridge Regional Jail Authority ("BRRJA"), Chad Lipscomb (Director of BRRJA), the Mayor of Lynchburg, and two unknown correctional officers. He alleges that the City of Lynchburg, BRRJA, Lipscomb, and the Mayor of Lynchburg—through a policy of hiring inexperienced and untrained officers—violated Plaintiff's rights under the Due Process Clause of the 14th Amendment. Plaintiff also contends that two unknown officers personally caused his injuries. Because Plaintiff's Complaint fails to state a claim against Defendants City of Lynchburg and BRRJA, it will be dismissed as to them.[1]

## BACKGROUND

The following facts are alleged in Plaintiff Branham's Amended Complaint, Dkt. 45, and must be assumed true for purposes of resolving Defendants' motions to dismiss. *See King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016) (reiterating the appropriate standard of review).

---

[1] Plaintiff has not served the other defendants named in his amended complaint, and he still has time to do so. Fed. R. Civ. P. 4(m). So, the Court will deal solely with the arguments in the City of Lynchburg and BRRJA's motions to dismiss. Dkt. 46; Dkt. 47.

Plaintiff claims that on June 6, 2022, he was confined in the Lynchburg Adult Detention Center—a facility operated by the Blue Ridge Regional Jail Authority and owned by the City of Lynchburg. Dkt. 45 at 4. During his confinement, he suffered from a urinary tract infection,[2] and he complains that this ailment was exacerbated by a lack of drinkable running water. *Id.* According to Plaintiff, the only running water in his cell was to flush the toilet. *Id.* He contends that he asked for help and demonstrated that he was suffering from an infection. *Id.* Yet, two officers at the facility did nothing. *Id.* Instead, he was left for approximately 36 to 50 hours without drinkable running water and had to "drink toilet water to survive." *Id.* As a result of this experience, Plaintiff now claims to suffer from post-traumatic stress disorder.

Plaintiff further posits that Defendants City of Lynchburg, BRRJA, Lipscomb, and the Mayor of Lynchburg have adopted a policy of hiring inexperienced, untrained employees—a policy that he claims caused his injuries. *Id.* at 3–4. As evidence of this policy, Plaintiff alleges to have spoken with two correctional officers, neither of whom had training or experience. *Id.* This lack of preparation, Plaintiff argues, "puts officers in situations they don't know what to do [sic.]," resulting in those officers being "afraid to make a choice for the safety of those confined." *Id.* at 3. Notably, he does not identify any specific deficiency with those officers'—or other officers'—training.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The purpose of a Rule 12(b)(6) motion is to "test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King*, 825 F.3d at

---

[2] Plaintiff does not discuss whether he sought medical treatment for this infection.

214 (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). "Thus, when considering a motion to dismiss, a court must consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing v. Brivo Systems, LLC*, 959 F.3d 605, 616 (4th Cir. 2020). Nevertheless, only facts can render a claim for relief plausible. "[F]ormulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor is it sufficient for a plaintiff to plead facts merely consistent with liability. The plaintiff must plead enough factual content to nudge a claim across the border from mere possibility to plausibility. *Id.* at 570; *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Further, district courts must construe *pro se* complaints liberally, but that "does not require those courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

Defendants City of Lynchburg and Blue Ridge Regional Jail Authority argue that Plaintiff's Complaint must be dismissed because it exceeds the scope of liability permitted by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Dkt. 46 at 1; Dkt. 47 at 1. In *Monell*, the Supreme Court held that municipalities are "persons" subject to damages liability under 42 U.S.C. § 1983.[3] 436 U.S. at 690. The Court, however, has also explained that "municipal liability could not be premised on the mere fact that the municipality employed the offending official." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). Rather, "municipal liability could only be imposed for injuries inflicted pursuant to government 'policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

---

[3] This Court previously held that BRRJA is also "subject to suit under § 1983." *Branham v. City of Lynchburg*, No. 6:22-CV-00042, 2022 WL 17489967, at *2 (W.D. Va. Dec. 7, 2022) (citing *Kitchen v. Upshaw*, 286 F.3d 179, 184 (4th Cir. 2002)).

In devising this rule, the Court hoped to "prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers"—a goal that sits uneasily with inadequate training *Monell* claims. *Tuttle*, 471 U.S. at 821. Indeed, the Supreme Court has recognized that "permitting cases against cities for their 'failure to train' employees to go forward under § 1983" might result "in *de facto respondeat superior* liability on municipalities"—a result that cannot be squared with Supreme Court precedent. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989); *see Monell*, 436 U.S. at 691 ("[W]e conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

"[A]n 'inadequate training' claim c[an] be the basis for § 1983 liability [only] in 'limited circumstances.'" *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997) (quoting *Harris*, 489 U.S. at 387). Specifically, the "inadequacy of police training may serve as the basis for § 1983 liability … where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact." *Harris*, 489 U.S. at 388 (emphasis added). City officials may be deemed to have acted with deliberate indifference when they stubbornly adhere "to an approach that they know or should know has failed to prevent tortious conduct by employees" over time. *Brown*, 520 U.S. at 407. And "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Brown*, 520 U.S. at 409). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62.

Furthermore, a plaintiff must also assert that a city's inadequate training policy actually caused her injury. "That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." *Brown*, 520 U.S. at 406–07. Instead, a plaintiff must allege "that the *deficiency in training* actually caused" her injury. *Harris*, 489 U.S. at 391 (emphasis added). Put differently, the relevant policy must be "the moving force of the constitutional violation." *Monell*, 436 U.S. at 694–95; *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). In sum, to make out a *Monell* claim against a city for an inadequate training policy, a plaintiff must allege that (1) the city enacted the challenged policy with deliberate indifference and that (2) the relevant policy caused her injuries.

In the present case, Defendants are correct that Plaintiff's Complaint exceeds the scope of *Monell* liability. First, Plaintiff has not alleged that either the City of Lynchburg or BRRJA has acted with deliberate indifference, and second, Plaintiff has not presented sufficient facts to make out a plausible claim that the City's policy caused his injuries. Turning first to Plaintiff's failure to plead deliberate indifference, in his Complaint, Plaintiff merely states—albeit in a conclusory manner—that Defendants have a policy of hiring untrained officers. Dkt. 45 at 3–4. He bases this assertion on two supposedly untrained officers he encountered in the Lynchburg Adult Detention Center. *Id.* at 3. Of course, he does not allege in what respect they were improperly trained. Nor has he identified any other examples of poorly trained officers. *See id.* Indeed, he has not even averred that this policy has existed over time or that it was designed with deliberate indifference. More importantly, Plaintiff "does not point to [any] specific deficienc[y]" with the City's policy—a usual prerequisite to make out a failure to train claim. *Rowell v. City of Hickory*, 341 F. App'x 912, 916 (4th Cir. 2009). It follows that "[t]his is exactly the type of case [the Supreme

Court has] noted would not measure up." *Id.* Thus, even accepting all of Plaintiff's allegations as true, he has not made out a *Monell* failure to train claim against the City of Lynchburg or BRRJA as he has not represented that either acted with deliberate indifference.

Moreover, even assuming Plaintiff has established that the City has a policy or custom of hiring untrained, inexperienced employees—and he has not—Plaintiff has failed to plausibly allege that the City's policy *actually caused* his injuries. A reasonable person, regardless of training, ought to know that leaving an individual in a prison cell for 36 to 50 hours with only toilet water to drink is inhumane and dangerous. *Id.* at 4. It is, therefore, implausible that Plaintiff's "injury [would] have been avoided had the employee[s] been trained." *Harris*, 489 U.S. at 391. Depriving individuals of drinkable water is not the "obvious consequence" of failing to provide officers with training. *Brown*, 520 U.S. at 409. Plaintiff's allegations are undoubtedly horrific, but "[t]o impose liability [on the municipal Defendants] under th[e]se circumstances would be" akin to allowing *respondeat superior* liability against the municipality. *Tuttle*, 471 U.S. at 821. And that cannot be. *See Harris*, 489 U.S. at 392. Plaintiff, therefore, has failed to allege a plausible claim that the Defendants' purported policy was the "moving force" behind his injuries. *Monell*, 436 U.S. at 694–95. Accordingly, the City of Lynchburg and BRRJA's Motions to Dismiss will be granted.

CONCLUSION

For the above reasons, Defendants City of Lynchburg and Blue Ridge Regional Jail Authority's Motions to Dismiss are **GRANTED**. Dkt. 46; Dkt. 47. The City of Lynchburg and the Blue Ridge Regional Jail Authority are hereby **DISMISSED** from the case.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion & Order to all counsel of record.

Entered this 8th day of September 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE